IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No.  CR 11-1193-PHX-JAT |
| Plaintiff, | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY AND ORDER** |
| Victor Hernandez, | ) | |
| Defendant. | ) | |
| | ) | |

TO THE HONORABLE JAMES A. TEILBORG, U.S. DISTRICT JUDGE:

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge David K. Duncan on June 22, 2011 with the written consents of the Defendant, counsel for the Defendant, and counsel for the United States of America.

The Magistrate Judge accepted Defendant's waiver of indictment after inquiry was made of the Defendant as to his understanding of the right to prosecution by indictment.  Defendant's written waiver constitutes a part of the plea agreement that has previously been lodged with the Court.  Thereafter, the matter came on for a hearing on Defendant's plea of guilty in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

1    I FIND as follows:

2        (1)  that the Defendant understands the nature of the charge against him to which the plea

3    is offered and the elements of the offense(s) to which he is pleading guilty;

4        (2)  that the Defendant understands his right to trial by jury, to persist in his plea of not

5    guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and

6    his right against compelled self-incrimination;

7        (3)  that the Defendant understands what the maximum possible sentence is, including

8    the effect of the supervised release term, and Defendant understands that the sentencing

9    guidelines are advisory, not mandatory, and that the Court may sentence outside those

10   guidelines if Defendant is convicted at trial;

11       (4)  that the plea of guilty by the Defendant has been knowingly and voluntarily made

12   and is not the result of force or threats or of promises apart from the plea agreement between

13   the parties;

14       (5)  that the Defendant is competent to plead guilty;

15       (6)  that the Defendant understands that his answers may later be used against him in a

16   prosecution for perjury or false statement;

17       (7)  that the Defendant understands that by pleading guilty he waives the right to a jury

18   trial;

19       (8)  that the Defendant understands the terms of any plea agreement provision waiving

20   the right to appeal or to collaterally attack the sentence, and has knowingly, intelligently and

21   voluntarily waived those rights;

22       (9)  that the Defendant is satisfied with counsel's representation; and

23       (10)  that there is a factual basis for the Defendant's plea.

24       I RECOMMEND that the Court accept the Defendant's plea of guilty.

25       IT IS ORDERED that any objection to the guilty plea proceedings and any request for

26   supplementation of those proceedings be made by the parties in writing and shall be specific as

27   to the objection or request made.  All objections or requests for supplementation shall be filed

28
                                    - 2 -

1   within fourteen (14) days of the date of service of a copy of these findings unless extended by

2   an Order of the assigned district judge.

3        IT IS FURTHER ORDERED that any letters, documents, or other matters Defendant

4   would like the sentencing judge to consider before sentencing (including the English translation

5   of any writings not in English) must be submitted in paper form with the original to the

6   probation office and copies to the sentencing judge and opposing counsel no later than seven

7   (7) business days prior to the sentencing date or they may be deemed untimely by the sentencing

8   judge and not considered.

9        IT IS FURTHER ORDERED that any motions for upward or downward departures or

10  any sentencing memoranda must be filed at least seven (7) business days prior to the sentencing

11  date.  Responses are due three (3) business days prior to the sentencing date.  Any motion to

12  continue sentencing must be filed promptly upon discovery of the cause for continuance and

13  must state the cause with specificity.  Motions to continue sentencing filed less than fourteen

14  (14) days before sentencing are disfavored.

15       DATED this 22nd day of June, 2011.

16

17

18  _____

                         David K. Duncan
              United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28